Nov. Term, 1839.

REED
v.
THE BANK OF KENTUCKY.

</div>

---

REED and Others *v.* THE BANK OF KENTUCKY.

The affidavit of the defendant's non-residence, in the case of a foreign attachment, need only be as the deponent believes.

An objection in such case, that the attachment-bond was not filed before the writ issued, was overruled—the affidavit, bond, and writ, having the same date, and the writ stating that the bond had been previously filed.

A writ of attachment ought not to issue for a larger sum than that sworn to, but it may issue for a less sum.

A judgment was obtained in *Kentucky* against the heirs and administrators of a person who owned real estate here, but who resided and died in *Kentucky.* The judgment-creditor took out a writ of attachment in this state against the heirs. *Held*, that it was not necessary for the affidavit or declaration in the suit, to aver that there were no personal assets in this state. *Held*, also, that it was no objection to the attachment, that it was against the heirs only of the intestate.

ERROR to the *Harrison* Circuit Court.

BLACKFORD, J.—This is a suit in foreign attachment, instituted by *The President, Directors, and Company of the Bank of Kentucky,* against *Nelson Reed* and others, the heirs of *John Reed,* deceased.

The affidavit, attachment-bond, and declaration, were filed on the 25th of *August,* 1825, and the writ of attachment was issued on the same day. The writ was levied on certain lands of the defendants, and was returned at the *September* term, 1825. At the same term of *September,* it was ordered by the Court, that notice of the pendency of the suit should be published for four weeks successively, &c. And at the *May* term following, satisfactory evidence was given to the Court, that the notice had been published agreeably to the

<div style="text-align:right">

*Tuesday,*
*November 26.*

</div>

order.   The suit remained undetermined until the *May* term, 1829, when a judgment was rendered by default against the defendants, for the sum of 3,348 dollars and 34 cents, with costs, and an order made for a sale of the lands attached.

The defendants contend, that the affidavit is not sufficiently certain as to the debt, nor as to the defendants' non-residence ; but we can see no reason for these objections. Were it not for the manner in which the affidavit concludes, the first-named objection to it might require some consideration.   But the affidavit, after stating the balance of 3,664 dollars and 33 cents to be due from the defendants to the plaintiffs by reason of certain facts, avers that that balance of the debt was still due and unpaid.   The amount of the balance claimed is, therefore, positively sworn to be due. The second objection is also unfounded.   The affidavit states that the defendants are non-residents as the deponent believes.   That is all the statute requires in any case as to the non-residence.   Rev. Code, 1831, p. 82.

The proceedings are objected to, on the ground that the bond was not filed before the issuing of the writ.   This objection must be overruled.   The affidavit, bond, and writ, are dated on the same day ; and the writ states that the affidavit and the bond were filed before the writ issued.

It is objected, that the affidavit is for a larger amount than that which is inserted in the condition of the bond and in the writ ; but that circumstance is immaterial.   The writ ought not to be issued for a larger sum than that sworn to, but it may issue for a less sum without giving the defendant any cause of complaint.

Another objection made is, that neither the affidavit nor the declaration alleges a want of personal assets.   If such an allegation be considered necessary under the statute, the objection is answered by the fact, that the want of assets is sufficiently shown by the declaration.   It is stated in the declaration, that the defendants are the children and heirs of *John Reed ;* that the plaintiffs had previously recovered, in *Kentucky,* a judgment against these defendants and the administrators of *Reed* in that state, for the sum of 4,200 dollars, with interest, &c., to be levied of the assets in the hands of the administrators, and on failure of such assets,

then upon the real estate that had descended to the heirs; that an execution had issued in *Kentucky* on this judgment, the return of which showed there were no goods; and that 1,000 dollars had been made on the execution by a sale of real estate; that the defendants have lands in *Indiana* of the value of 5,000 dollars, descended to them from their father, &c. It is thus shown by the declaration, that there were no personal assets in *Kentucky;* and that was all, at any rate, that could be required. The averment on the subject, if any was necessary, need not show that there were no personal assets in this state. It is not to be presumed, as the intestate resided in *Kentucky* and died there, that he possessed any personal property in this state, or that there are here any administrators of his estate. The presumption is the other way.

The last objection urged by the defendants is, that the administrators in *Kentucky*, who are parties to the judgment, ought to have been made parties to this attachment. This objection is not tenable. If these administrators were now resident here, it is evident that they could not be sued in our Courts for a debt of the intestate. It necessarily follows, that they cannot be made parties to an attachment, which only issues in cases where an ordinary suit would lie, if the defendant could be personally served with process. The only parties to the judgment in *Kentucky* that can be recognized here, are the heirs of the intestate, and they must be liable though the administrators are not. The judgment, in this respect, may be assimilated to a promissory note executed by an infant and a person of full age; in which case, the suit on the note lies against the adult alone. *Burgess* v. *Merrill*, 4 Taunt. 468.

Dewey, J., having been concerned as counsel in the cause, was absent.

*Per Curiam.*—The judgment is affirmed with costs.

*R. Crawford*, for the plaintiffs.

*J. W. Payne*, for the defendants.